**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON DOCKET**

Eastern District of Kentucky
F I L E D

DEC 2 7 2021

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

IN RE:

Application Pursuant to 28 U.S.C. § 1782 of
SAINT-GOBAIN CORPORATION,

Petitioner,

To take discovery of —
CORNING INCORPORATED,

Respondent.

Misc. Case No. XX-mc-XX

## MOTION TO FILE DOCUMENTS IN SUPPORT OF APPLICATION TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 UNDER SEAL

Pursuant to Local Rule 5.6, Petitioner Saint-Gobain Corporation respectfully submits this motion to file under seal the memorandum, declarations, and exhibits submitted in support of its application to take discovery pursuant to 28 U.S.C. § 1782, as well as the accompanying motion to expedite.

The Sixth Circuit has held that a court may allow "the sealing of court papers only 'for good cause shown' to the court that the particular documents justify court-imposed secrecy." *Proctor & Gamble v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Among other factors, good cause may include "the privacy rights of participants or third parties [and] trade secrets." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016).

As explained in its Application, Saint-Gobain seeks discovery of information for use in an arbitration between Saint-Gobain's Chinese affiliate, Saint-Gobain Advanced Ceramics (Shanghai) Co. Ltd., and a Chinese Company, Hebei Guangxing Semiconductor Technology Co.,

1

Ltd. ("Guangxing").    The China International Economic and Trade Arbitration Commission ("CIETAC") in Beijing will arbitrate.

The substance of the arbitration is confidential.  Per Article 38 of the CIETAC rules:

> 1. Hearings shall be held in camera.  Where parties request and open hearing, the arbitral tribunal shall make a decision.
>
> 2. For cases heard in camera, the parties and their representatives, the arbitrators, the witnesses, the interpreters, the experts consulted by the arbitral tribunal, the appraisers appointed by the arbitral tribunal and other relevant persons **shall not disclose to any outside any substantive or procedural matters relating to the case**.

(Emphasis added.)

The memorandum, declarations, exhibits, and motion to expedite reveal "substantive or procedural matters relating to the case."  Disclosing these documents would thus violate the privacy rights of "participants or third parties," including the CIETAC panel itself, Guangxing, and Saint-Gobain.  It would also undermine an ongoing foreign arbitration and comity with the foreign tribunal's government.  Thus, protecting this information from public disclosure warrants sealing.  Accordingly, Saint-Gobain respectfully requests that the memorandum; declarations of Marshall Hixson, He Wei, and Adam Keser; and the exhibits filed in support of its application to take discovery under 28 U.S.C. § 1782, as well as the accompanying motion to expedite consideration, be sealed in the record to protect confidentiality.  Saint-Gobain will submit redacted, public versions of the documents (except for the three attachments to Mr. Keser's declaration, which cannot be redacted without revealing the substance of the arbitration) within three business days of entry an order permitting it to do so.

Respectfully submitted,

Dated: December 27, 2021                          STITES & HARBISON PLLC


By:   /s/ Marshall R. Hixson
      Marshall R. Hixson
      250 West Main Street
      Suite 2300
      Lexington, KY 40507-1758
      Telephone: (859) 226-2330
      Facsimile: (859) 253-9144
      Email: mhixson@stites.com

*Attorney for Saint-Gobain Corporation*

3